UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TECHNOLOGY LICENSING COMPANY, INC., <br><br>　　　　　Plaintiff, <br><br>　　v. <br><br>NOAH COMPANY, LLC, <br><br>　　　　　Defendant. <br>_____/ | No. C-11-3498 EMC <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT** <br><br> **(Docket No. 31)** |

　　　　Previously, the Court granted Plaintiff Technology Licensing Company Inc.'s ("TLC") motion for default judgment and entered a judgment in its favor. *See* Docket Nos. 29-30 (order and judgment). Currently pending before the Court is TLC's motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). No opposition to the motion was filed. The Court finds this matter suitable for disposition without oral argument and **VACATES** the hearing set for November 15, 2012. The Court hereby **GRANTS** in part and **DENIES** in part TLC's motion.

## I. DISCUSSION

　　　　Rule 59(e) provides that a party may file a motion to alter or amend a judgment. *See* Fed. R. Civ. P. 59(e).

> In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

In its brief, TLC does not expressly identify which ground it is invoking in its Rule 59(e) motion. Implicitly, however, TLC is relying on the "manifest injustice" ground.[1] TLC argues that the Court should alter or amend the judgment because (1) even though the Court granted TLC a default judgment, it awarded no damages at all; and (2) even if the Court in fact awarded $10,000, that amount is too small and "rewards the Defendant for not appearing in the case and not complying with discovery." Mot. at 3.

As to TLC's first argument, TLC is incorrect in claiming that the Court did not award it any damages. In its order granting the default judgment, the Court specifically stated as follows: "[T]he Court grants TLC's motion for default judgment and awards damages in the amount of $10,000. The Clerk of the Court shall enter judgment in accordance with this opinion and close the file in the case." Docket No. 29 (Order at 9). While the actual judgment entered by the Clerk failed to specify the amount of damages, that does not mean that the Court thereafter decided not to award damages. The judgment incorporated by reference the order on default judgment. *See* Docket No. 30 (judgment) (stating as follows: "IT IS SO ORDERED AND ADJUDGED pursuant to the ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Docket No. 17) filed on September 5, 2012, Judgment is entered in favor of Plaintiff"). The Court, however, is not unsympathetic to TLC's position to the extent it suggests that an amended judgment is proper in order to add the actual dollar amount of the judgment. *Cf. Herzog Contracting Corp. v. McGowen Corp.*, 976 F.2d 1062, 1065-1066 (7th Cir. 1992) (concluding that prevailing plaintiff's motion to amend final judgment by adding actual dollar amount of judgment makes judgment more explicit, is substantive rather than collateral, and tolls time for appeal).

TLC contends, however, that even an explicit judgment of $10,000 is insufficient. As to this argument, the Court does not find that its refusal to award the median or average license fee is a manifest injustice. First, even in the context of a default judgment, a court does not take allegations relating to damages as true, and it is the burden of the plaintiff to prove up its damages. *See*

---

[1] TLC does not offer any newly discovered or previously unavailable evidence as a basis for its Rule 59(e) motion.

*Televideo Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917 (9th Cir.1987) (stating that, upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages"); *See Board of Trustees of the Boilermaker Vacation Trust v. Skelly, Inc.,* No. 04-02841 CW, 2005 WL 433462, at *2 (N.D. Cal. Feb. 24, 2005) (noting that "[p]laintiff has the burden of proving damages through testimony or written affidavit"). Second, at the hearing on the motion for default judgment, the Court expressly identified its concern to TLC that it had not provided sufficient evidence to support its request for damages.[2] The Court left the record open for thirty days in order to give TLC additional time to support its request for damages and explicitly warned TLC that, if no additional evidence was submitted, the Court would award only the low end (*i.e.*, $10,000). *In spite of this warning and the opportunity given, TLC still failed to provide additional evidence to support its request for damages.* Finally, to the extent TLC argues that Noah is essentially being rewarded for failing to appear as it continues to sell the allegedly infringing product, the Court concludes that there is no manifest injustice because TLC had the burden of proving up its damages; moreover, if TLC had concern about continuing infringement, then it could have asked, as a part of the requested relief, for an injunction, but it did not do so as part of its motion for default judgment.

///
///
///
///
///
///

---

[2] As the Court stated in its prior order:

> TLC has not provided any concrete evidence as to why Noah is an average or typical licensee [which would support TLC's contention that the cost of an average license should be assessed as damages]. Nor has TLC provided information about what Noah's anticipated sales would have been at the time of the hypothetical negotiation or what Noah's expected or estimated use of the patent would have been, each of which likely would have been factors in determining what a reasonable royalty would be.

Docket No. 29 (Order at 8).

3

## II. CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part TLC's motion. The motion is granted only to the extent that the Court amends the judgment to clarify that the damages awarded are $10,000. The Clerk of the Court is instructed to issue an amended judgment in favor of TLC specifying that the damages awarded are $10,000.

This order disposes of Docket No. 31.

IT IS SO ORDERED.

Dated: October 24, 2012

_____
EDWARD M. CHEN
United States District Judge

4